IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joey Bernard Tisdale, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:02-1951-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On April 8, 2004, this Court granted the government's motion for summary judgment and dismissed the petitioner's *pro se* motion to vacate filed pursuant to 28 U.S.C. § 2255. On March 10, 2005, the petitioner filed a motion to vacate and reenter judgment pursuant to Rule 60(b)(1). This matter is now before the Court for disposition.

In his motion, the petitioner seeks to have this Court vacate its previous order and then reenter it so as to allow the petitioner to appeal the decision denying his § 2255 motion. The petitioner explains that he was unaware that he could appeal this Court's order dismissing his action. Instead of appealing, the petitioner filed a § 2241 motion which was dismissed on February 28, 2005 without prejudice as it was not the proper avenue for the relief sought. The petitioner submits that at this point he realized that he should have appealed this Court's order of April 8, 2004. The petitioner relies upon Rule 60(b)(1) and claims that he made a mistake and that excusable neglect warrants this Court allowing him another opportunity to appeal.

While Rule 60(b)(1) does provide for relief from a judgment based on mistake, surprise, inadvertence or excusable neglect, it is an extraordinary remedy only to be granted in exceptional circumstances. See Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir.

1979).  The situation here does not constitute exceptional circumstances warranting relief from a judgment entered nearly one year before the petitioner's current motion.

The Court therefore denies the petitioner's motion.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

July 21, 2005
Charleston, South Carolina

2